OPINION
{¶ 1} Defendant-appellant, Nicole Kubin nka Halbrook, appeals the decision of the Clermont County Court of Common Pleas, Domestic Relations Division, denying her motion to modify parental rights and responsibilities. We affirm the trial court's decision.
 {¶ 2} Appellant and plaintiff-appellee, Lance Kubin, were married and had one child together, Andrew, born in November 1993. The parties' marriage was terminated by a decree of dissolution filed in March 1995. The decree designated appellant Andrew's residential parent. In May 1999, appellee moved to modify parental rights and responsibilities. The trial court granted the motion and appellee was designated Andrew's residential parent.
 {¶ 3} In June 2003, appellant moved to modify parental rights and responsibilities, seeking to be named Andrew's residential parent. Appellant alleged that a change of circumstances had occurred warranting such modification, in that Andrew had been diagnosed with Tourette's Syndrome and Attention Deficit/Hyperactivity Disorder ("ADHD"). The trial court denied the motion and appellant appeals, raising two assignments of error.
 {¶ 4} In her first assignment of error, appellant argues that the trial court erred in finding that Andrew's diagnosis with Tourette's Syndrome and ADHD did not constitute a change of circumstances warranting further inquiry into the child's best interest.
 {¶ 5} R.C. 3109.04(E)(1)(a) states that the trial court shall not modify a prior decree allocating parental rights and responsibilities unless it finds, based on facts that have arisen since the prior decree or were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or the child's residential parent, and that the modification is necessary to serve the best interests of the child. The change of circumstances "must be a change of substance, not a slight or inconsequential change." Davis v.Flickinger, 77 Ohio St.3d 415, 418, 1997-Ohio-260. As with other custody matters, wide latitude is given to the trial court's determination as to whether a change of circumstances has occurred. Id. Accordingly, the trial court's decision on this issue will not be disturbed on appeal absent an abuse of discretion. Id.
 {¶ 6} Review of the record demonstrates that the trial court did not abuse its discretion when it concluded that no change of circumstances had occurred. While the child had been diagnosed with Tourette's syndrome and ADHD since the prior parenting order, evidence was presented which demonstrated that he had exhibited symptoms of the disorders as early as age three. His symptoms remain mild and "are not causing functional or social impairment or physical discomfort," according to an evaluation conducted by Dr. Gilbert of Cincinnati Children's Medical Center. Although his homework takes him longer than it likely should, Andrew continues to do well in school. Consequently, although the diagnosis occurred after the prior allocation of parental rights and responsibilities, we find that the trial court did not abuse its discretion when it determined that the diagnosis alone does not constitute a change of circumstances warranting further consideration of the child's best interests under R.C. 3109.04. Appellant's first assignment of error is overruled.
 {¶ 7} In her second assignment of error, appellant argues that the trial court improperly considered the fact that appellee had sought appropriate medical treatment for Andrew's conditions. She argues that any consideration of Andrew's treatment relates to his best interest, and is not relevant to whether a change of circumstances had occurred. We again disagree with appellant's argument.
 {¶ 8} In considering whether a change of circumstances had occurred, the trial court noted that Andrew is receiving appropriate treatment for his medical conditions. This is relevant to the change of circumstances inquiry since, as a result of receiving appropriate treatment, Andrew's present circumstance has changed very little. The evidence demonstrates that Andrew suffers little social or physical impairment. As noted by the trial court, absent appropriate treatment Andrew's diagnosis alone may have been a change of circumstances warranting further consideration of appellant's motion. However, the record is clear that Andrew has not suffered any such change of circumstance. The second assignment of error is overruled.
 {¶ 9} Judgment affirmed.
Young, P.J., and Powell, J., concur.